FILED
2007 Apr-16 AM 09:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAM GOSWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV-06-BE-4699-S |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The original complaint was for money damages (false imprisonment) and declaratory relief "award[ing] good time credit and releas[ing] [the plaintiff] from confinement." *Complaint*, ¶ 18. The defendants filed a motion to dismiss on the ground that the plaintiff's claims were brought under the "guise of 42 U.S.C. § 1983," as he is essentially challenging his confinement, which challenge must be presented in a habeas petition. The plaintiff then filed an amended petition, wherein he maintains his §1983 claims and alternatively alleges a § 2254 habeas action. A motion to dismiss the amended complaint was filed. A report and recommendation and a supplemental report and recommendation were filed, wherein it was recommended that this action be dismissed without prejudice. Objections were filed by the plaintiff, and the defendants filed a response to the objections. The court has considered the entire contents of the court file.

The court will first address Goswick's habeas claim. The threshold issue to be resolved in federal habeas cases is whether the petitioner has exhausted all available state remedies. An application for a writ of habeas corpus will not be considered unless the applicant has exhausted all state remedies or unless circumstances exist which render such process ineffective. 28 U.S.C. §

2254(b); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1981); *see also Heath v. Jones*, 863 F.2d 815, 818 (11th Cir. 1989). This rule is a "codification of the federal judicial policy designed 'to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights.'" *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requests the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia,* 372 U.S. 391, 438 (1963). Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, *by any available procedure*, the question presented." (emphasis added). Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Heath v. Jones,* 863 F.2d at 818. Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on the merits.

In *Boykins v. State of Alabama*, 862 So.2d 587 (Ala. 2002), Boykins challenged the propriety of the DOC's ruling on his request for incentive good time by filing with the state trial court a petition for a writ of certiorari. The trial court dismissed the petition, holding that the petitioner should have filed a petition for a writ of habeas corpus. The Alabama Supreme Court held that "Boykins's petition was correctly labeled as a petition for a writ of certiorari, but incorrectly reviewed as a petition for a writ of habeas corpus." *Id*. at 593. The court explained, and held as follows:

> Boykins, an inmate in a public institution, has sought review of the action of an administrative department, i.e., the DOC, regarding its denial of his request to receive IGT. Like the petitioner in *Sellers*, Boykins does not enjoy the statutory right of judicial review provided by § 41-22-20(a), a part of the Act, because he is excluded under § 41-22-3(9)(g)(1).
>
> "Alabama law is clear that, in the absence of a right of appeal, a party seeking review of a ruling by an administrative agency may petition the circuit court for a common law writ of certiorari." *State Personnel Bd. v. State Dep't of Mental Health & Retardation*, 694 So.2d 1367, 1371 (Ala. Civ. App. 1997), citing *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), affirmed, 474 So.2d 758 (Ala.1985). *See also Alabama Dep't of Mental Health & Mental Retardation v. Kirby*, 579 So.2d 675 (Ala. Civ. App. 1991). "Certiorari will not issue, however, if a right of appeal is available." *State Personnel Board*, 694 So.2d at 1371. "[W]here an applicable statute provides no right of appeal and no statutory certiorari review, the only means of review is the common law writ of certiorari." *Hardy v. Birmingham Bd. of Educ.*, 634 So.2d 574, 576 (Ala. Civ. App. 1994). Hence, Boykins's only means to seek review of the actions of the DOC is by a petition for a writ of certiorari. Consequently, the Court of Criminal Appeals erred in affirming the trial court's treatment of Boykins's petition for a writ of certiorari as a petition for a writ of habeas corpus and its denial of that petition. Accordingly, the judgment of the Court of Criminal Appeals is reversed and the cause remanded for the Court of Criminal Appeals to reverse the judgment of the trial court and remand the cause for the trial court to review Boykins's petition for a writ of certiorari reviewing the DOC's denial of his request to be allowed to earn IGT.

*Id*. at 593-94.

This court concludes that Goswick has a state remedy for his claim that he is being denied good time credit improperly. First, he may present an administrative claim to the DOC. It appears, however, that Goswick has not properly presented a DOC claim. Goswick merely alleges that he "has repeatedly asked the Defendants to enter the IGT he accrued during the time he served under the erroneous second degree burglary sentence and conviction. The Defendants have wrongfully and without justification refused to grant the Plaintiff the good time provided in his resentencing." *Amended Complaint*, ¶ 10. Even if Goswick did formally present this claim to the DOC and received an adverse decision, clearly he does not allege that he has taken advantage of the procedure available to him in the state court to correct an incorrect administrative decision: a petition for writ of certiorari. Goswick may not skip that process and proceed directly to federal court. Therefore,

Goswick's habeas corpus claim is due to be dismissed so that he may present his incentive good time issue to the State of Alabama.

A § 1983 claim for money damages is dependent upon Goswick's prevailing on his good time claim. If he prevails on that claim, Goswick may then file his federal claim for damages. At present, such claim is premature. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

For the above stated reasons, the defendants' motion to dismiss the amended complaint is due to be granted, and this action is due to be dismissed without prejudice. An order in accordance with this memorandum opinion will be entered.

DONE this 16th day of April 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE